## GRANT et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.    May 14, 1924.)

### No. 1733.

Conspiracy &⟶45—Testimony of one employed to sell liquor as to warnings of raids given employer by defendants held competent.

In prosecution against attorney, county sheriff, and others for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), testimony of person employed to sell liquor that, on receiving telephone call, employer would go to defendant attorney's office, and on returning tell him to take liquor away, and that thereafter officers would come and search, and that they were never searched by state officers without receiving previous information thereof, *held* competent, regardless of whether employer was co-conspirator.

In Error to the District Court of the United States for the District of Maine; John A. Peters, Judge.

Edmund W. Grant and others were convicted of conspiring to violate National Prohibition Act, tit. 2, § 3, and they bring error. Affirmed.

Frederick W. Hinckley, of Portland, Me., for plaintiffs in error Lewin.

Frederick R. Dyer, U. S. Atty., of Portland, Me. (William B. Nulty, Asst. U. S. Atty., of Portland, Me., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge.    At the November term, 1923, of the United States District Court for the District of Maine, Edmund W. Grant, Willard S. Lewin, and Guy E. Crosby, all of Houlton, in said district, were indicted for conspiring with one another, and with other persons whose names to the jurors were unknown, to unlawfully and willfully violate section 3, title 2, of the Act of Congress approved October 28, 1918, commonly known as the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa).    In the indictment it is alleged that Grant, at the time of the formation of the conspiracy and at the time of the commission of the overt acts done in pursuance thereof, was sheriff of the county of Aroostook, in the state of Maine, and that said Lewin, at the times aforesaid, was a lawyer practicing his profession at Houlton, in the state of Maine, and that said Crosby was a deputy sheriff acting under said Grant; that Grant, Lewin, and Crosby conspired that Lewin should counsel, induce, and procure vari-

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ous persons in the county of Aroostook to violate the National Prohibition Act by selling intoxicating liquors; that only certain individuals in each town, to be selected by the defendants, should be allowed to sell liquor, and all others should be prosecuted and prevented from doing so; that those counseled, induced, and procured by Lewin to violate the National Prohibition Act should be immune from prosecution by Grant and Crosby, and should be notified and warned whenever searches or raids were contemplated by Grant or Crosby, or by federal prohibition officers, so far as the defendants had or could procure knowledge of the activities and intentions of said federal prohibition officers; and that the persons so counseled, induced and procured to violate said act should be defended in case of arrest by said Lewin without further charge, provided such persons should pay said Lewin such sums and at such times as said Lewin and such persons should agree upon.

It was further alleged that, in pursuance and execution of said conspiracy and to effect the object thereof, the defendants committed certain overt acts, which are set forth, among which are the following:

(1) That in July, 1922, Grant and Lewin entered into an agreement with one Charles Calvin, whereby said Calvin and one Verecker were to be permitted to sell intoxicating liquors in said Houlton.

(2) That in August, 1922, Lewin received from said Calvin and Verecker the sum of $625.

(3) That in September, 1922, Lewin received from Calvin the sum of $625.

(4) That in October, 1922, Lewin demanded from Calvin the sum of $1,000.

(5) That in June, 1923, Grant received from Calvin $200.

(6) That in July, 1923, Grant received from Calvin $200.

(7) That in August, 1923, Grant received from Calvin $200.

And there were 16 other overt acts charged.

At the trial a nolle prosequi was entered as to defendant Crosby. The jury found the other defendants guilty, and each was sentenced to imprisonment for a term of two years. It is from these sentences that the present writs of error are prosecuted. When the case was called for hearing in this court, the defendant Grant applied for and was granted permission to withdraw his writ of error, and it was withdrawn.

The errors assigned relate to the reception in evidence of two pieces of testimony, one given by Charles Powell, a witness for the government, upon direct examination, and the other by George W. Graves, a witness for the defendants, on cross-examination.

We do not find it necessary to consider the second piece of testimony, as it related solely to the acts and conduct of the defendant Grant, and was excepted to by him alone.

As to the first assignment, it appears that Charles Powell worked for about a year, during a period of two years, and up to the middle of July, 1923, for Charles E. Calvin, at Houlton, selling liquor in a building called the Vendome. He testified that, while he was thus employed, Grant or Lewin would call for Calvin over the telephone,

and he would answer the phone; that, if Calvin was not there, he would reply that he was at his house. On being questioned whether or not he was ever notified by Grant of intended raids, he replied, "No," but he testified that he received such information from Calvin; that, having been called on the phone, Calvin would go to Lewin's office, and then come back and tell him to get the stuff (liquor) out. This testimony as to information the witness received from Calvin of intended raids or searches, and what Calvin would direct him to do on returning from Lewin's office after a telephone call, was admitted subject to exception. The witness also testified that, after they had taken the liquors out, the officers came and searched; that they were never searched by state officers without information that they were coming.

We regard this evidence as competent and properly received. If Calvin was a co-conspirator, as he undoubtedly was, his statements in furtherance of the conspiracy were competent; and, if he was not a co-conspirator, the testimony of the witness that he received information from Calvin of intended raids and directions to remove the liquor, when Calvin returned after a telephone call, was nevertheless competent. It amounted to nothing more than if the witness had testified that, when Calvin returned from Lewin's office after a telephone call, he was appraised of certain information in consequence of which he removed the liquor, and that thereafter the officers came and searched the premises. The objection is to the form in which the testimony was given, and not to its substance, and is overruled.

The judgment of the District Court is affirmed.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes